# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| National Minority Supplier Development Council Buisness Consortium Fund, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Hessian & McKasy, P.A.; Glenn E. Schumann; and David Larson,<br><br>Defendants. | Civil No. 04-1670 (DWF/JSM)<br><br><br><br>**ORDER AND MEMORANDUM** |

___

Paul A. Sortland, Esq., Sortland Law Office, counsel for Plaintiff.

Gary W. Hoch, Esq., Laurie Wynne Meyer, Esq., and Debra L. Weiss, Esq. Meagher & Geer, PLLP, counsel for Defendants.

___

This matter is before the Court upon the Plaintiff's appeal of Magistrate Judge Janie S. Mayeron's Order dated May 12, 2005. Plaintiff appeals Magistrate Judge Mayeron's decision insofar as it ordered Plaintiff's general counsel, Jeffrey Underweiser, to produce all documents from his files and time records reflecting work performed by him and his law firm for services rendered to Plaintiffs and communications had with Plaintiff relevant to the lawsuit before this Court. In so ordering, Magistrate Judge Mayeron determined that Plaintiff had waived any issue of privilege with respect to the legal malpractice action.

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local

Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court finds that Magistrate Judge Mayeron's order is neither clearly erroneous nor contrary to law. Thus, the Court denies Plaintiff's appeal and affirms Magistrate Judge Mayeron's order of May 12, 2005, in all respects.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Magistrate Judge Janie S. Mayeron's order of May 12, 2005 (Doc. No. 24), is **AFFIRMED.**

2. Jeffrey Underwieser shall produce to Defendants his documents and billing records bearing on the *Bank Windsor* litigation and shall answer questions regarding these documents and his communications with Plaintiff with respect to the *Bank Windsor* litigation. However, the Court will permit Plaintiff to submit any of the documents in question to Magistrate Judge Janie S. Mayeron or this Court for *in camera* review before the documents are disclosed.


Dated: July 7, 2005             s/Donovan W. Frank
                                DONOVAN W. FRANK
                                Judge of United States District Court

## MEMORANDUM

The facts necessary for the Court's decision, as clearly set forth in Magistrate Judge Janie S. Mayeron's May 12, 2005, Order are incorporated herein by reference for purposes of Plaintiff's appeal.

On the specific facts of this case that is before the Court, there is no question that the information sought by the Defendants is relevant and, to the extent that documents, billing records, and communications of Jeffrey Underweiser relate to the *Bank Windsor* litigation, the attorney-client privilege has been waived.

From the outset of the underlying litigation, Plaintiff's general counsel, Jeffrey Underweiser acted as its agent in virtually all communications between Plaintiff and Defendants. The record even suggests that Mr. Underweiser appeared at a settlement conference before Chief Magistrate Judge Jonathan Lebedoff in April 1999, acting as Plaintiff's agent, with full settlement authority. And, as pointed out by Defendants, when Plaintiff initially sent its completed, but unsigned, answers to Defendant's interrogatories in April 2005, Jeffrey Underweiser was listed as the signer and the Plaintiff in the action. As pointed out by Magistrate Judge Mayeron, both Defendants and Plaintiff assert that Jeffrey Underweiser was the person with whom Defendants communicated regarding the *Bank Windsor* litigation. The mode of communication asserted is significant because Defendants' communications regarding the *Bank Windsor* litigation are asserted to have been with Mr. Underweiser, and not Plaintiff, and it was then Mr. Underweiser who communicated with Plaintiff regarding the *Bank Windsor* litigation. Once Plaintiff's complaint is reviewed, the relevancy of the information sought by Defendants is readily apparent. Given these specific facts and the nature of the

lawsuit, it is clear that the attorney-client privilege has been waived as to communications between any representatives of Plaintiff and Mr. Underweiser with respect to the *Bank Windsor* litigation, including any documents and billing records that relate to the *Bank Windsor* litigation. Whether *in camera* review will be necessary of any of the documents will be left to the discretion of the parties.

For the reasons stated, the Court has affirmed Magistrate Judge Janie S. Mayeron's Order dated May 12, 2005.

D.W.F.